### No. 13.

#### CHENEY *against* HOLGATE. *Chittenden*, 1819.

AN individual Juror cannot testify to his own misconduct, or that of his fellow Jurors.

Where the Jury had agreed on a verdict for plaintiff, and in ascertaining the amount of damages, each Juror marked a sum, and the whole amount was divided by 12, but the Jury did not return the quotient, as the amount of damages, but deliberated and r eturned a less sum ; no cause for setting aside the verdict.

Where the verdict was sealed, and one of the Jurors is dissatisfied with the verdict, and requests the foreman to ask leave of the Court, to reconsider the verdict. and the foreman promises so to do, but does not ask leave, and the Jury, when called upon, in open Court, assent to the verdict in the usual form, no cause for new trial.

THIS was an action of trespass, for an assault and battery, tried at June term, 1819.

Verdict for plaintiff, and motion for new trial.

This motion prayed for a new trial, on the ground of misconduct of the Jurors. The evidence offered to prove the misconduct, was : .

1. Testimony of individual Jurors of the panel.

2. Testimony of the officer who had the charge of the Jury.

The testimony of the officer was : "That the Jury, in estimating the damages to be recovered against the defendant, agreed to make their separate marks of the sum, add the whole together, and divide by twelve. The Jury did so mark and put their respective sums into a hat ; when the sums were exhibited I perceived they had marked from 80 up to 1200 dollars, so that the division left the sum of 462 dollars. Some of the Jury were dissatisfied with the sum, and after consulting some time, a motion was made to reduce the sum to 400 dollars, which prevailed; they sealed the verdict, and dispersed ; this morning, I met several of the Jurymen against Mr. Brins-

maid's, and on returning, Mr. Mansfield, one of the Jurymen, enquired of me, if there was any possibility to reconsider a verdict, after the same was sealed. I replied, I thought not, unless it was by consent of the Court, upon a representation that the Jury, or some of them, expressed their dissent. When the Jury went into Court, I was sitting by the Jury, when Mr. Catlin, one of the Jury, was conversing with the other Jurors and the foreman, in which they gave the foreman to understand, that they were dissatisfied with the verdict, and requested him to inform the Court, that they were desirous to reconsider the subject, and Mr. Clark, the foreman, promised to make the representation; Mr. Catlin informed the foreman, that he knew there was as many as seven, who united with him in the request."

No request was made by the foreman, or any other Juror, for permission to reconsider the verdict, but the same was assented to, and accepted in common form.

In support of the motion, it was contended :

1. That the affidavits of the Jurors were admissible; that although a Juror could not testify to his own misconduct, he could to that of others. Ferguson v. Morrill, Caledonia County, Supreme Court, February term, 1818, was cited.*

2. That sufficient cause for a new trial, appears in the affidavit of the officer, in this; that the Jury ascertained the sum in damages, in an improper manner, and the foreman deceived the Jury, in promising to lay their request before the Court, and neglecting so to do.

Contra. 1. A Juror cannot be admitted to testify to any facts, tending to impeach the verdict of the Jury, neither can any thing, a Juror has said, be received in evidence. 1 Chitty on criminal law 450. 1 T. R. 11. 4 Johnson 487. Bos. and Pull. 326. Tidd's Prac. 328. 3 Burr 1696.

2. The officer's affidavit is part hear-say; what the Juror

---

* Ferguson v. Morrill, Caledonia, 1818. In this case, a motion for new trial was made, founded solely on the misconduct of the officer, and affidavits of the Jurors were admitted to prove the conduct of the officer only. Reporter.

said to him is not evidence ; the affidavit shews the Jury were not bound by the quotient, found by the division, but reduced the sum so found ; the assent of all the Jurors, in open Court, is conclusive that they finally agreed to the verdict.

By the Court. 1. An individual Juror cannot testify to his own misconduct, or that of his fellow Jurors, tending to impeach the verdict of the Jury, delivered in open Court, and assented to by the whole panel.

2. It does not appear the Jury ascertained the sum in damages, by making and dividing ; they deliberated and fixed upon a sum, in damages, after the division was made ; the assent of all the Jurors, to the verdict, when called upon, for that purpose, in open Court, is conclusive, that they all finally agreed to the verdict ; any individual Juror might have objected, if he thought proper, and it does not appear any one was ignorant of this right.

New trial not granted.

See 2 Tyler. Error 5.